1 | SHEPPARD, MULLIN, RICHTER HAMPTON LLP
    A Limited Liability Partnership
2 |   Including Professional Corporations
  | HAYLEY S. GRUNVALD, Cal. Bar No. 227909
3 | hgrunvald@sheppardmullin.com
  | 12275 El Camino Real, Suite 200
4 | San Diego, CA 92130-2006
  | Telephone: 858.720.8900
5 | Facsimile: 858.509.3691

6

7 | Attorneys for Defendant
  | THE CHILDREN'S PLACE, INC.

8

9 |                    UNITED STATES DISTRICT COURT

10 |                  CENTRAL DISTRICT OF CALIFORNIA

11

12 | GABRIELA CABRERA,                  | Case No.

13 |              Plaintiff,            | **ANSWER TO COMPLAINT;
                                       | DEMAND FOR JURY TRIAL**
14 | v.

15 | THE CHILDREN'S PLACE, INC.         | Los Angeles County Superior Court
16 | AND DOES 1-20,                     | Case No.:  21GDCV00351

17 |              Defendants.           | Action Filed:     March 9, 2021
18 |                                    | Trial Date:       None Set

19

20

21

22

23

24

25

26

27

28

ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL

Now comes Defendant The Children's Place, Inc. ("Defendant"), by and through counsel, and for its Answer and Defenses to Plaintiff Gabriela Cabrera's verified ("Plaintiff") Complaint, makes the following admissions, denials, and other averments:

**FIRST CAUSE OF ACTION BY PLAINTIFF AGAINST ALL DEFENDANTS**
**FOR VIOLATION OF CIVIL CODE SECTION 51**

1.      In response to paragraph 1, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

2.      In response to paragraph 2, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

3.      In response to paragraph 3, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

4.      In response to paragraph 4, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies each and every allegation.

5.      In response to paragraph 5, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

6.      In response to paragraph 6, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies each and every allegation.

7.      In response to paragraph 7, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

8.      In response to paragraph 8, Defendant denies each and every allegation.

9.      In response to paragraph 9, Defendant denies each and every allegation.

10.      In response to paragraph 10, Defendant denies each and every allegation.

11.     In response to paragraph 11, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies each and every allegation.

12.     In response to paragraph 12, Defendant denies each and every allegation.

13.     In response to paragraph 13, Defendant denies each and every allegation.

14.     In response to paragraph 14, Defendant denies each and every allegation.

15.     In response to paragraph 15, Defendant denies each and every allegation.

16.     In response to paragraph 16, Defendant admits that Plaintiff is a high frequency serial litigant.

17.     In response to paragraph 17, Defendant denies each and every allegation.

18.     In response to paragraph 18, Defendant denies each and every allegation.

19.     In response to paragraph 19, Defendant denies each and every allegation.

20.     In response to paragraph 20, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

21.     In response to paragraph 21, Defendant denies each and every allegation.

22.     In response to paragraph 22, Defendant denies each and every allegation.

23.     In response to paragraph 23, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

24.     In response to paragraph 24, Defendant denies each and every allegation.

25.     In response to paragraph 25, Defendant denies each and every allegation.

### SECOND CAUSE OF ACTION BY PLAINTIFF AGAINST ALL DEFENDANTS FOR VIOLATION OF CIVIL CODE SECTION 54 AND 54.1

26.     In response to paragraph 26, Defendant repleads and incorporates by reference, as if fully set forth again herein, the responses contained in paragraphs 1 through 25 of this answer as set forth above.

In addition, Defendant asserts the following affirmative defenses with respect to all of Plaintiff's claims and causes of action.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim)

1.     The Complaint, and each and every claim therein, fails to state a claim for which relief can be granted and should, therefore, be dismissed.

### SECOND AFFIRMATIVE DEFENSE

(Lack of Standing)

2.     Plaintiff lacks standing to pursue her alleged claims.

### THIRD AFFIRMATIVE DEFENSE

(Statute of Limitations)

3.     Plaintiff's claims are barred to the extent that they are based on visits to the subject property more than two years prior to the date the Complaint was filed.

/ / /

/ / /

-3-

**FOURTH AFFIRMATIVE DEFENSE**

(Effective Access)

4.      The purported architectural barriers provide effective access to Plaintiff.  Even if the features alleged in the Complaint did not comply with applicable access standards, the features nonetheless provided effective access to Plaintiff because any alleged noncompliance was de minimis, the features were usable and accessible despite their alleged noncompliance, and/or Plaintiff was able to use and access the features.

**FIFTH AFFIRMATIVE DEFENSE**

(Removal of Architectural Barriers Was Not Readily Achievable)

5.      Any allegedly wrongful acts or omissions performed by Defendant or its agents, if there were any, do not subject Defendant to liability because the removal of the alleged architectural barriers identified in the Complaint was not readily achievable or easily accomplishable and/or able to be carried out without much difficulty or expense when taking into account the factors set forth at 42 U.S.C. § 12181.

**SIXTH AFFIRMATIVE DEFENSE**

(Full Compliance is Structurally Impracticable)

6.      Any allegedly wrongful acts or omissions performed by Defendant or its agents, if there were any, do not subject Defendant to liability because full compliance with the accessibility requirements for the alleged barriers identified in the Complaint would be structurally impracticable.

**SEVENTH AFFIRMATIVE DEFENSE**

(Alterations Were Made to Ensure that the Facility Would Be Readily Accessible to the Maximum Extent Feasible)

7.      Without conceding that Defendant made any "alterations" within the meaning of disability access laws, any allegedly wrongful acts or omissions

performed by Defendant or its agents, if there were any, do not subject Defendant to liability because any "alterations" to the subject property, including to the features alleged in the Complaint, were made to ensure that the facility would be readily accessible to the maximum extent feasible.  28 C.F.R. § 36.402.

## EIGHTH AFFIRMATIVE DEFENSE

(The Cost and Scope of Alterations to Path of Travel to Altered Area Containing a Primary Function is Disproportionate to the Cost of the Overall Alteration)

8.      Any allegedly wrongful acts or omissions performed by Defendant or its agents, if there were any, do not subject Defendant to liability because the cost and scope of any and all alterations to the path of travel to the altered area containing a primary function, if any, would be disproportionate to the cost of the overall alteration to the primary function area, if any.

## NINTH AFFIRMATIVE DEFENSE

(Defendant Provided Services Via Alternative Methods)

9.      Any allegedly wrongful acts or omissions performed by Defendant or its agents, if there were any, do not subject Defendant to liability because Defendant accommodated or was ready and willing to accommodate Plaintiff's alleged disability by providing access via "alternative methods" other than the removal of alleged architectural barriers (42 U.S.C. §12182), such as, by personally assisting Plaintiff overcome/deal with any of the barriers alleged in the Complaint.

## TENTH AFFIRMATIVE DEFENSE

(Good Faith Reliance Upon Local Building Authorities)

10.      Plaintiff's Complaint and each claim alleged therein are barred by Defendant's good faith reliance upon reasonable interpretations of law by local building authorities and issuance of appropriate building permits and Certificates of Occupancy for the subject property.

/ / /

/ / /

## ELEVENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

11.     Plaintiff's claims are barred under the doctrine of unclean hands.

## TWELFTH AFFIRMATIVE DEFENSE

### (Privilege)

12.     Defendant's conduct was privileged because it was undertaken pursuant to the terms of the applicable laws, regulations, orders, and approvals relating to building construction and/or fire safety and public safety.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Technically Infeasible)

13.     Any allegedly wrongful acts or omissions performed by Defendant or its agents, if there were any, do not subject Defendant to liability because full compliance with the standards for the alleged architectural barriers identified in the Complaint would be technically infeasible.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Undue Burden)

14.     Insofar as Defendant has not made alterations to the subject property, which Plaintiff contends should have been made, those changes were not and are not required under applicable law, and any requirements to make those changes would impose an undue burden upon Defendant.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Estoppel)

15.     Plaintiff is estopped by her conduct from recovering any relief under the Complaint.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Waiver)

16.     Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Equivalent Facilitation)

17.     Any allegedly wrongful acts or omissions performed by Defendant or its agents, if there were any, do not subject Defendant to liability because Defendant provided equivalent facilitation with respect to the barriers alleged in the Complaint.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Reasonable Modifications to Policies, Practices and Procedures)

18.     Plaintiff's claims are barred because Defendant made and/or was willing to make reasonable modifications to its policies, practices, and/or procedures to accommodate Plaintiff's alleged disabilities, but Plaintiff never requested any such modifications.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Indispensable Party)

19.     Plaintiff's alleged claims are barred, in whole or in part, because of her failure to name an indispensable party.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Defenses Under Federal Rules of Civil Procedure)

20.     Plaintiff's claims may be barred by any or all of the affirmative defenses contemplated by Rules 8 and 12 of the Federal Rules of Civil Procedure. The extent to which Plaintiff's claims may be barred cannot be determined until Defendant has an opportunity to complete discovery.  Therefore, Defendant incorporates all such affirmative defenses as though fully set forth herein.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Fundamental Alteration)

21.     Any allegedly wrongful acts or omissions performed by Defendant or its agents, if there were any, do not subject Defendant to liability because the relief demanded in the Complaint would, if granted, result in a fundamental alteration of Defendant's services/goods.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Legitimate Business Justifications)

22.     The Complaint, and each and every purported claim alleged therein, fails to state facts sufficient to constitute a claim against Defendant because any action taken with respect to Plaintiff was for legitimate, non-discriminatory business reasons unrelated to Plaintiff's alleged disability or other asserted protected status.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Mootness)

23.     Plaintiff's claims are barred under the doctrine of mootness.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Dimensional Tolerances)

24.     Plaintiff's claims are barred because the features identified in the Complaint substantially comply with the applicable law and are within "dimensional tolerances."

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

25.     Plaintiff's claims are barred because she failed to mitigate her purported damages.

## PRAYER

**WHEREFORE**, Defendant prays that this Court enter a judgment as follows:

1.     That the Complaint be dismissed with prejudice and that judgment be entered in favor of Defendant;

2.     That Plaintiff take nothing by way of her Complaint;

3.     That Defendant be awarded its costs of suit incurred in defense of this action, including its reasonable attorney's fees; and

4.     For such further and other relief as the Court may deem just and proper.

1  Dated:  April 27, 2021

2                              SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

3

4                       By       /s/ *Hayley S. Grunvald*

5                                HAYLEY S. GRUNVALD

6

7                              Attorneys for Defendant,
                               THE CHILDREN'S PLACE, INC.

8

9                       **DEMAND FOR JURY TRIAL**

10       Defendant hereby demands a trial by jury.

11  Dated:  April 27, 2021

12                              SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

13

14                      By       /s/ *Hayley S. Grunvald*

15                               HAYLEY S. GRUNVALD

16

17                             Attorneys for Defendant,
                               THE CHILDREN'S PLACE, INC.

18

19

20

21

22

23

24

25

26

27

28

SMRH:4852-1591-5751.1                    ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL