# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

| Case No. | CV 21-3585 PA (GJSx) | Date | April 29, 2021 |
|---|---|---|---|
| Title | Gabriela Cabrera v. The Childrens Place, Inc. et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| K. Sali-Suleyman | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**    IN CHAMBERS – COURT ORDER

The Court is in receipt of a Notice of Removal filed by defendant The Childrens Place, Inc. ("Defendant"). (Dkt. 1 ("Removal").) The Notice alleges that the Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332. (Id. at 3.) Plaintiff, who has physical disabilities and uses a wheelchair for mobility, brings this action on the basis that she encountered architectural barriers when she visited one of Defendant's stores. (Id. at Ex. A ("Compl.") ¶¶4, 8.) The Complaint alleges claims under the Unruh Civil Rights Act, Cal. Civ. Code § 51, and California Disabled Persons Act, Cal. Civ. Code §§ 54 and 54.1.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by Congress and the Constitution. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. Id. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). Jurisdiction may be based on complete diversity of citizenship, requiring all plaintiffs to have a different citizenship from all defendants and for the amount in controversy to exceed $75,000.00. See 28 U.S.C. § 1332.

After reviewing the Notice of Removal, it appears that Defendant has failed to properly allege its own citizenship. A corporation is a citizen of both its state of incorporation and the state in which it has its principal place of business. 28 U.S.C. § 1332(c)(1); see also New Alaska Dev. Corp. v. Guetschow, 869 F.2d 1298, 1300-01 (9th Cir. 1989). The Notice of Removal states: "The Children's Place, Inc., has its principal headquarters in Secaucus, New Jersey, and is thus a citizen of New Jersey for purposes of determining diversity jurisdiction." (Removal ¶9.) However, Defendant has failed to identify its state of incorporation. "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." Kanter, 265 F.3d at 857. Moreover, a defendant is presumed to know the facts surrounding its own citizenship. See, e.g., Leon v. Gordon Trucking, Inc., 76 F. Supp. 3d 1055, 1063 (C.D. Cal. 2014) ("[A] corporate

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES - GENERAL

| Case No. | CV 21-3585 PA (GJSx) | Date | April 29, 2021 |
|---|---|---|---|
| Title | Gabriela Cabrera v. The Childrens Place, Inc. et al. | | |

defendant, like any other, is presumed to know its own citizenship.") (collecting cases); Cretian v. Job1USA, Inc., 2009 WL 4841039, at *1 (D. Or. Dec. 11, 2009) ("Defendant is presumed to know its own citizenship; indeed it is in the best position to know it for purposes of removal."). The Court finds that Defendant has failed to establish complete diversity of the parties.

For these reasons, Defendant has not met the burden of showing that this Court has subject matter jurisdiction over Plaintiff's claims. This action is therefore remanded to the Superior Court of California for the County of Los Angeles, Case No. 21GDCV00351, for lack of subject matter jurisdiction. See 28 U.S.C. § 1447(c).

IT IS SO ORDERED.